2254 ✓ 1983 _____

FILING FEE PAID
Yes ____ No ✓

IFP MOTION FILED
Yes ✓ No ____

COPIES SENT TO
Court ✓ ProSe ____

FILED
SEP - 8 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NAME: Victor H. Esparza

PRISON NUMBER: F.50704

CURRENT ADDRESS OR PLACE OF CONFINEMENT:
La Palma Correction Center
5501 N. La Palma Rd.

CITY, STATE, ZIP CODE:
Eloy, Arizona 85131

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

(FULL NAME OF PETITIONER)
Victor Hugo Esparza           PETITIONER

v.

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])
The People of the State of California           RESPONDENT

and

The Attorney General of the State of California, Additional Respondent.

Civil No. '09 CV 1974 L — JMA
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

---

1. Name and location of the court that entered the judgment of conviction under attack: Superior Court of San Diego County Central Division

2. Date of judgment of conviction: September 12, 2006

3. Trial court case number of the judgment of conviction being challenged:
   C.A. No. D049866
   Sup. Ct. No. SCD. 198501

4. Length of sentence: 14 year term

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date: November 17, 2006
Release Date: MAY 19, 2017

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
   1) P.C. 422      5) P.C. 186.22 sub.(b)(1)
   2) P.C. 69       6) P.C. 667.5, Sub.(b) AND 668
   3) P.C. 12316, sub.(b)(1)
   4) Health and Safety code section 11364

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☑
   (b) Judge only ☐

9. Did you testify at the trial?
   ☑ Yes ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: Judgment is affirmed
    (b) Date of result (if known): Not known.
    (c) Case number and citation (if known): C.A. NO. D049866
    (d) Names of Judges participating in case (if known): Haller, J
        Benke, Acting P.J.    Huffman, J.
    (e) Grounds raised on direct appeal: A) The trial court erred by denying appellants motion to suppress evidence. B) Appellant is entitled to relief for the trial courts errors, in admitting evidence that Appellant failed to deny law enforcement officers' accusations and in instructing the jury that appellants' failure to respond to these accusations could be considered an adoptive admission and in allowing the prosecution to argue the same because defense counsel was ineffective for failing to object to these errors and appellant was prejudiced as a result. C) The trial court erred by admitting Nagles expert testimony.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result:
    (b) Date of result (if known):
    (c) Case number and citation (if known):

    (d) Grounds raised:

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:
    (a) Result:

    (b) Date of result (if known):

    (c) Case number and citation (if known):


    (d) Grounds raised:




## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known):
    (b) Nature of proceeding:

    (c) Grounds raised:




    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No
    (e) Result:
    (f) Date of result (if known):


16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☐ Yes  ☒ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):

    (b) Nature of proceeding:

    (c) Names of Judges participating in case (if known)

    (d) Grounds raised:

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☐ No

    (f) Result:

    (g) Date of result (if known):

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):

    (b) Nature of proceeding:

    (c) Grounds raised:

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☐ No

    (e) Result:

    (f) Date of result (if known):

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not: *I have never filed a petition for Writ of Habeas Corpus because I have no help or any Idea of what I was doing.*

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    [X] Yes  [ ] No        (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed?
        (i) What was the prior case number?
        (ii) Was the prior action (CHECK ONE):
            Denied on the merits?            [ ]
            Dismissed for procedural reasons? [ ]
        (iii) Date of decision:
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        [ ] Yes  [ ] No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        [ ] Yes  [ ] No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: The trial court erred by denying appellant's motion to suppress evidence.

Supporting FACTS: The trial court erred by denying petitioner's motion to suppress the evidence seized from his house. Petitioner was unlawfully arrested by police without sufficient probable cause and thus, the consent police obtained immediately after petitioner's arrest was tainted fruit of this illegal arrest. The observations of officers in the house during the initial search after the illegal arrest were used to obtain the search warrant in this case. Consequently, all the evidence seized from petitioner's home by police in both searches as well as any statements made by petitioner after the illegal arrest were tainted fruit of the illegal arrest, which should have been ordered suppressed. Thus, the trial court erred by denying petitioner's motion to suppress and this error violated petitioner's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution. Therefore, the trial's court's denial of petitioner's suppression motion should be reversed. Moreover, as the evidence that petitioner was guilty of any of these offenses and allegations would have been insufficient without the admission of the evidence that should have been suppressed, the judgment in appellant's case should be reversed in totality.

**Did you raise GROUND ONE in the California Supreme Court?**

☐ Yes  [X] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

**(b) GROUND TWO:** Petitioner is entitled to relief for the trial court's errors in admitting evidence that petitioner failed to deny law enforcement officers' accusations and in instructing the jury that petitioner's failure to respond to these accusations could be considered an adoptive admission and in allowing the prosecution to argue the same because defense counsel was ineffective for failing to object to these errors and appellant was prejudiced as a result.

**Supporting FACTS:** The trial court erred by allowing testimony that police officers had confronted petitioner with the accusation that he had made threatening phone calls to Agent Morris and that in the face of these accusations, petitioner had remained silent and failed to deny making the calls. The trial court further erred by instructing the jury that they could consider petitioner's failure to deny the police's accusations as an adoptive admission indicating that petitioner admitted making the threatening phone calls. The trial court further erred by allowing the prosecution to argue the same point to the jury during closing. Because this error basically informed the jury that petitioner had admitted to making the threatening phone calls because he had not responded to the officer's accusations, it violated his Fifth Amendment right to remain silent, and his Fourteenth Amendment right to due process of law. Because the error was not harmless beyond a reasonable doubt, the judgement should be reversed.

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☒ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

(c) **GROUND THREE**: The trial court erred by admitting Nagle's expert testimony.

**Supporting FACTS**: The trial court erred by admitting evidence in the form of the gang expert's testimony that the threats in this case were clearly made to benefit the gang and that they were absolutely made to promote, assist and further the criminal conduct by gang members. The trial court erred by admitting this expert testimony because this improper opinion encompassed the ultimate issue in the case and informed the jury that the petitioner had the specific intent necessary to substantiate the gang allegations. Thus, the expert's testimony was improper as it did no more than inform the jury that the expert believed that the gang enhancement should be found to be true, expressing an opinion as to appellant's guilt, which is a matter solely within the province of the jury. Because the evidence supporting the gang allegations was insufficient without the admission of the improper expert testimony, petitioner was prejudiced by this error, and thus the true findings on the gang enhancements should be reversed. Moreover, for the same reason, the admission of this evidence violated petitioner's right to due process of law under the Fourteenth Amendment to the United States Constitution.

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes [X] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

**(d) GROUND FOUR:**

**Supporting FACTS:**

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    ☐ Yes   ☒ No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court:

    (b) Case Number:

    (c) Date action filed:

    (d) Nature of proceeding:

    (e) Name(s) of judges (if known):

    (f) Grounds raised:

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes   ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing ........ Lei'chala Wilson
        233 A st. Suite 500
        S.D, CA. 92101   Office of public defendant.

    (b) At arraignment and plea ..... Lei'chala Wilson
        233 A st. Suite 500
        S.D., CA. 92101

    (c) At trial .................. Lei'chala Wilson
        233 A st. Suite 500
        S.D, CA. 92101

    (d) At sentencing ............. Lei'chala Wilson
        233 A st. Suite 500
        S.D., CA. 92101

    (e) On appeal ................ Denise Rudasill
        840 17st. #212
        S.D, CA. 92101

    (f) In any post-conviction proceeding.

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    ☒ Yes   ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes   ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:

    (b) Give date and length of the future sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        ☐ Yes   ☐ No

28. Consent to Magistrate Judge Jurisdiction

    In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

CIV 68 (Rev. Jan. 2006)

-11-

cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__9-2-09__                    __/s/ George__
(DATE)                          SIGNATURE OF PETITIONER